<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| S.B., | : | Civil Action No. 24-8205 (SRC) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF SOCIAL SECURITY, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff S.B. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning July 1, 2015. Plaintiff's date last insured is December 31, 2020, and the issue is thus whether Plaintiff became disabled during the period from July 1, 2015 through December 31, 2020. A hearing was held before ALJ Karen Shelton (the "ALJ") on April 5, 2023, and the ALJ issued an unfavorable decision on September 14, 2023. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied

1

Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of September 14, 2023, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain additional exertional and nonexertional limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff has not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with two arguments: 1) at step four, the ALJ "failed to properly evaluate the medical opinions," particularly with regard to the opinion of treating physician Dr. Getson; and 2) at step four, "the ALJ failed to properly evaluate Plaintiff's testimony." (Pl.'s Br. at 15, 25.)

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar

procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff first argues that, at step four, the ALJ "failed to properly evaluate" the opinion of Dr. Getson. Pursuant to Shinseki, in considering this argument, this Court asks whether Plaintiff has both demonstrated that the ALJ erred in evaluating Dr. Getson's opinion, and that this error was material and prejudicial.

Plaintiff's opening brief does not succeed in persuading the Court that the ALJ committed a specific, identifiable error in evaluating Dr. Getson's opinion. Instead, Plaintiff offers vague assertions of error: "[t]he ALJ's rejection of Dr. Getson's opinions is fatally flawed." (Pl.'s Br. at 17.) In support, Plaintiff's brief notes various pieces of clinical evidence, and states: "The ALJ's failure to discuss the explanations by this treating specialist violates 20 C.F.R. § 404.1520c(c)(l)." (Pl.'s Br. at 17.) The cited Regulation is, indeed, the key relevant Regulation on the subject of how medical opinions are considered, and it states:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

3

20 C.F.R. § 404.1520c(c)(l). Having read the cited section of the Regulation, the Court inquires: how exactly did the ALJ err? How, according to Plaintiff, did the ALJ fail to comply with the requirements of 20 C.F.R. § 404.1520c(c)(l)? Plaintiff does not identify which of Dr. Getson's explanations Plaintiff contends the ALJ failed to discuss. Nor does Plaintiff explain how the ALJ is alleged to have violated 20 C.F.R. § 404.1520c(c)(l).

The text of the ALJ's decision shows that the ALJ discussed Dr. Getson, his opinions, and the underlying evidence of record, at length and in detail at step four, on pages 35 through 39 and again, on pages 40 and 41. Certainly, the ALJ's decision does not support the assertion that the ALJ failed to discuss *any* of Dr. Getson's explanations, because the ALJ did so at length. Plaintiff does not point out any specific error.

With that in mind, the Court looks to the guidance of the Third Circuit as to the requirements of 20 C.F.R. § 404.1520c(c)(l). The Third Circuit addressed the subject of the requirements stated in 20 C.F.R. § 404.1520c(c) in Zaborowski v. Comm'r of Soc. Sec., 115 F.4th 637, 639 (3d Cir. 2024). In short, in Zaborowski, the Third Circuit held: 1) the Regulation requires only that an ALJ explain the evaluation of the factors of supportability and consistency; 2) "a judge need not reiterate the magic words 'support' and 'consistent' for each doctor," and it is sufficient to "weave supportability and consistency throughout her analysis of which doctors were persuasive." Id. The ALJ discussed the supportability of Dr. Getson's opinion (the extent to which it was supported by the underlying treatment records), and the consistency of Dr. Getson's opinion with medical evidence from other sources. It appears to this Court that the ALJ complied with the requirements of 20 C.F.R. § 404.1520c(c), as explained by the Third Circuit in Zaborowski.

4

Plaintiff alleges one specific error in the ALJ's discussion of the supportability and consistency factors related to Dr. Getson's opinion:

> The ALJ also erred by finding the opinions from Dr. Getson that Ms. Barnett could not stand for long periods of time inconsistent with statements from the doctor in treatment records that Plaintiff needed to stand due to increased pain with sitting.

(Pl.'s Br. at 21.)  At the hearing, Dr. Getson testified: "she can't sit for any length of time, she can't stand for any length of time, she can't walk for any length of time."  (Tr. 99.)  In a letter dated September 1, 2021, Dr. Getson wrote: "She is therefore forced to stand a great deal as sitting, even in an altered position, accelerates the pain."  (Tr. 672.)  Citing that written statement, the ALJ wrote:

> Dr. Getson's assessment of such substantial limitations in standing is inconsistent with his assertions elsewhere in the record that the claimant needed to stand a great deal due to her reported pain with sitting (Ibid & Exhibit 14F).

(Tr. 40.)  Here, Plaintiff alleges a specific error, but the Court finds that the ALJ's assessment of inconsistency is fully supported by the underlying evidence of record.  Indeed, Dr. Getson's testimony that Plaintiff is unable to stand for any length of time appears to be inconsistent with his written statement that, in fact, she stands "a great deal."  The ALJ's assessment of inconsistency is supported by substantial evidence.

Plaintiff also argues: "the ALJ improperly rejected Dr. Getson's opinions on the basis that they are allegedly inconsistent with Plaintiffs course of treatment with medication management."  (Pl.'s Br. at 22.)  Plaintiff cites the ALJ's decision at page 40, where she wrote:

> Furthermore, such an extremely reduced exertional capacity is not consistent with the claimant's conservative treatment with Dr. Getson, consisting only of several visits per year, and largely methadone management, which he noted on several occasions that the claimant took only sparingly.

5

Again, the Court inquires: what is the alleged error here? What is improper about this statement? Plaintiff does not even try to demonstrate that the ALJ mischaracterized the record, because, in Dr. Getson's letter dated March 27, 2023, he wrote: "Please be advised that Ms. Barnett does not take the Methadone on a regular basis. She takes it when needed. She has been doing so for many, many years." (Tr. 681.) Dr. Getson's written statements support the ALJ's statement that Dr. Getson noted that the claimant took her pain medication sparingly. Plaintiff does not explain what is improper about the ALJ's inference that this appears inconsistent with the Dr. Getson's testimony that Plaintiff cannot sit, stand, or walk for *any* length of time. Indeed, Dr. Getson testified that the medication "allows her to have enough pain relief to do her activities of daily living that she must." (Tr. 99.) The Court sees no error in the ALJ's observation that the "extremely reduced exertional capacity" reported by Dr. Getson is inconsistent with the doctor's statements that sparing use of pain medication gives Plaintiff enough relief to perform activities of daily living. Instead, the Court finds that the ALJ's assessment of inconsistency is supported by substantial evidence.

Plaintiff's brief does not address the issue of the consistency factor, as described in 20 C.F.R. § 404.1520c(c)(2): the consistency of Dr. Getson's opinion with the opinions of other sources. The ALJ noted that Dr. Getson had referred Plaintiff to Dr. Boyajian for a pain management consultation on May 3, 2021. Dr. Boyajian's exam notes from this consultation show: "denies fatigue" (Tr. 664); "Motor strength: intact," "Ambulation: intact," and "Coordination: intact" (Tr. 665). The ALJ summarized these results as follows: "did not reflect any marked musculoskeletal or neurological findings." (Tr. 41.) The Court finds that this is substantial evidence which is relevant to the consistency factor: Dr. Getson's assessment of a

6

severely limiting disability is not consistent with the clinical assessment of Dr. Boyajian.

In short, many of Plaintiff's allegations of error in the ALJ's discussion of the supportability and consistency factors are vague and fail to identify specific errors. In two places in which Plaintiff does identify specific errors, the Court has found that the ALJ's statements are supported by substantial evidence. The Court finds no harmful error in the ALJ's application of 20 C.F.R. § 404.1520c(c).

Plaintiff's brief also embarks on a number of tangents going far afield from the ALJ's discussion of the supportability and consistency factors, such as how the ALJ should have questioned Dr. Getson differently during his testimony at the hearing. Plaintiff does not offer any legal authority that supports the inference that the ALJ's questioning of Dr. Getson constituted reversible error. Plaintiff has failed to persuade the Court that the ALJ erred when discussing the persuasiveness of Dr. Getson's opinions.

Second, Plaintiff argues that the ALJ's evaluation of Ms. Barnett's subjective statements is not supported by substantial evidence. Having just discussed Dr. Getson's hearing testimony that Plaintiff's sparing, occasional use of pain medication "allows her to have enough pain relief to do her activities of daily living that she must," the Court finds that the ALJ's determination that Plaintiff's statements about the limiting effects of her symptoms are not entirely consistent with the medical evidence is supported by substantial evidence.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision, or that Plaintiff was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                                     s/ Stanley R. Chesler
                                                                   STANLEY R. CHESLER, U.S.D.J.

Dated: July 25, 2025